**ALAΓASA FILIFILI, Plaintiff,**

v.

**SEUFALE SEIULI, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 30-92

February 11, 2002

Before KRUSE, Chief Justice, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Tautai Aviata F. Fa`alevao
 For Defendant, Afoafouvale L.S. Lutu

ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DIRECTING TRIAL SETTING

This matter came on regularly for hearing on February 11, 2002, upon plaintiff Alai`asa's motion for summary judgment. Alai`asa contends the absence of triable issues of fact and that he is entitled, as a matter of law, to summary judgment. T.C.R.C.P. Rule 56.

The dispute concerns a house site, on land located in Faleniu village which Alai`asa claims to be "Toa," and the subject of previous litigation before this court in *Moea`i v. Te`o*, 8 A.S.R.2d 85 (Land & Titles Div. 1988); *aff'd sub nom. Moea`i v. Alai`a*, 12 A.S.R.2d 91 (App. Div. 1989). In that matter, an area of land known as "Toa" was awarded to the Alai`asa's family, while other portions of immediately adjacent land were awarded to the Moea`i family.

In support of his motion for summary judgment, Alai`asa filed his affidavit averring, *inter alia*, that: 1) defendant Seiuli's house lies within "Toa" as awarded him in *Moea`i v. Te`o, supra*; and that 2) Seiuli's claim to entitlement is derivative based, upon the competing title claims of Moea'i and/or Te'o, which claims the *Moea`i v. Te`o* court had resolved in his favor. Alai`asa thus argues a res judicata bar to defendant's derivative claims, citing to *Alai`asa v. Te`o*, 5 A.S.R.3d 266, (Land & Titles Div. 2001).

With regard to Alai`asa's contention that Seiuli's claim is derivative based, we find that Seiuli had admitted as much in her deposition taken July 2, 2001. Seiuli had indeed deposed that she was brought onto the land in question by Moea`i in 1970. *Dep. Tr.* 4.

Seiuli, however, argues triable issues of fact. In her deposition, Seiuli also deposed that the land she was living on is Moea`i family land known as "Vaivai." *Dep. Tr.* 11. She moreover contends that Alai`asa's averment as to the location of her house is merely self-serving and that Alai`asa ought to be put to proof. (*See* Def.'s Opp'n To Pl.'s Mot. Summ. J. at 2.)

██ We agree with Seiuli that there are triable issues of fact precluding

summary judgment. In essence, she says "Vaivai," he says "Toa." But T.C.R.C.P. Rule 56(c) requires the court to "not only treat the adverse party's evidence as true but [that] [s]he must also be given the benefit of all inferences reasonably deducible from the evidence." *D. Gokal & Co. Ltd., v. Daily Shoppers, Inc.*, 13 A.S.R.2d 11, 12 (Tr. Div. 1989), citing *Lokan v. Lokan*, 6 A.S.R.2d 44, (Tr. Div. 1987). *See also Plaza Department Stores v. Duchnak*, 26 A.S.R.2d 82. (Tr. Div. 1994) ("the court must . . . resolve all doubts as to the existence of genuine issues of fact against the moving party, and view all inferences from the facts in the light most favorable to part[y] opposing the motion"). On this basis, Alai`asa's motion for summary judgment must fail.

## Order

Accordingly, plaintiff's motion for summary judgment is hereby denied.

Counsel are directed to confer with the Clerk of Courts as to the earliest available trial date.[1]

It is so ordered.

---

[1] In a nutshell, it looks like the services of a qualified surveyor might be in order to assist the court in resolving the dispute as to situs. Indeed, Alai`asa had resorted to calling a surveyor in *Alai`asa v. Te`o*, 5 A.S.R.3d 266 (Land & Titles Div. 2001), a matter not unlike the one now before us in factual issues.